MATTER OF PETERSON

In Visa Petition Proceedings

A-14706662

*Decided by Board March 8, 1968*

Notwithstanding a lack of cohabitation and petitioner's testimony that he married beneficiary to obtain a housekeeper, a valid marriage exists for immigration purposes as the parties are elderly, live in the same house although they occupy separate bedrooms for health reasons, knew each other for about a year and a half prior to their marriage and the evidence shows there was intended a valid and lasting marital relationship which has continued for over two years.

ON BEHALF OF PETITIONER: Milton T. Simmons, Esquire
517 Washington Street
San Francisco, California 94111·
(Brief filed)

The case comes forward upon certification from the decision of the District Director, San Francisco, dated January 11, 1968 concluding that the petitioner has not met the burden of proof required to establish that there exists a bona fide marriage for the purpose of according the beneficiary immediate relative status as contemplated by the Immigration and Nationality Act, and denying the visa petition.

The petitioner, a native-born citizen of the United States, 60 years old, seeks immediate relative status on behalf of the beneficiary as his wife. The beneficiary is a native and citizen of Iran, 53 years old. The parties were married at Carson City, Nevada on February 27, 1966. Each party was married previously and evidence of the termination of the prior marriages has been submitted.

The case previously was before us on June 22, 1967 on appeal from the order of the District Director, San Francisco District, dated March 6, 1967 denying the visa petition for the reason that it was not the intent of the petitioner and the beneficiary to enter into a valid state of wedlock and as a result the petitioner had failed to show that a bona fide marriage existed for immigration purposes.

The petitioner has been unmarried since his divorce in 1936. He has been retired for the past five years due to poor health and is supported by social security and welfare assistance. The petitioner met the beneficiary about a year and a half before their marriage through a mutual friend. He needed a housekeeper and she needed a place to live. Apparently, it was understood between the petitioner, the beneficiary and her married daughter before the marriage that there would be no consummation and that they would reside in separate rooms. The petitioner does not pay the beneficiary a salary as a housekeeper, but buys the groceries and his wife obtains spending money from her daughter and from her own funds. The petitioner denied that he was paid or promised any money to marry the beneficiary and that he did not marry her to assist her to adjust her immigration status but he married her for the purpose of obtaining a housekeeper. However, he regards her as his wife but understandably differentiates his present relationship with the beneficiary from the relationship with his first wife. We disposed of the appeal on June 22, 1967 by remanding the case for questioning of the beneficiary regarding the relationship, whether it was intended to be a permanent one, and to examine all other matters which would assist in a determination as to whether this relationship, despite its peculiarities, was a sufficient one to warrant an exemption from the quota requirements and constituted a genuine, bona fide husband and wife relationship.

A sworn statement was taken from the beneficiary on September 14, 1967. She testified that her husband had not had any employment since their marriage because he becomes short of breath which she thought was pneumonia. (Counsel stated this illness was actually emphysema.) She knew him about a year and a half before they were married, and while she was not in love with him, she liked him and he liked her; he had nobody, he was sick and she felt sorry for him; she decided to marry him and take care of him (p. 7). The beneficiary agreed that the first time they used to live together normally but he was sick so he suggested that she go to her own room because he was coughing and she would be comfortable; and that since, they have shared the same house but have lived in separated rooms. She acknowledged that he was too sick to engage in normal marital relations. The beneficiary denied that any kind of agreement was entered into in which it was specified that her marriage would not include normal marital relations between husband and wife. Her husband asked her to be his wife and take care of him and his house. The beneficiary denied that she entered in this marriage as a basis for remaining in the United States or to facilitate her stay in the United States. She stated that when they became married she decided to stay with him for as long as she lived.

664

The petitioner has the burden of establishing eligibility for the benefit he seeks under the immigration laws on behalf of the beneficiary as his wife. Where a marriage has been duly solemnized in accordance with the laws of the place where it is performed, the marriage comes into existence at that moment regardless of whether it is followed by sexual intercourse.[1]

We believe that the Service has failed to take into account the circumstances of the marriage. The parties herein are mature people. The husband has been unable to work for the past five years due to illness. He has been unmarried since 1936 and in view of his illness and age needed a wife who also would be a housekeeper. The wife agreed to become his wife and housekeeper. The petitioner buys the food, otherwise the wife spends her own funds. We regard the fact that the parties sleep in separate rooms and have not had sexual intercourse insignificant in view of the evidence showing that there was intended a valid and lasting marital relationship which has continued for over two years.

The reasons for the marriage appear to be far sounder than exist for most marriages. There is not a single iota of evidence that this was a sham marriage. Where it is found that there does exist a bona fide marriage, that the marriage relationship is intended to be a valid and lasting one, and the parties have continued to reside together for a number of years, the motive or purpose in entering into the marriage is not a primary concern. Under the facts in this case, it was proper to conduct an investigation to establish whether or not a bona fide marital relationship existed. However, once it has been established that the marital relationship was bona fide, that a valid and lasting husband and wife relationship was intended and was in existence, the marriage will be recognized for immigration purposes. On the basis of the record, we conclude that the bona fides of the marital relationship are fully established. The visa petition will be approved.

ORDER: It is ordered that the visa petition be approved for immediate relative status.

---

[1] *Matter of M*, 7 I. & N. Dec. 601; *United States* v. *Rubenstein*, 151 F. 2d 915 (2d Cir., 1945).